### TRAVERS *v.* BUCKLEY *et al.*

(*Circuit Court, D. Massachusetts.* August 19, 1889.)

PATENTS FOR INVENTIONS—PRIOR CONDITION OF ART.

In view of the prior use of detachable blocks notched at the end and under the edge for spreading hammocks, there is no invention in the second claim of letters patent granted to Travers November 18, 1879, in "the novel use of detachable notched distending blocks" in improved hammocks.

In Equity. Bill to enjoin infringement of patent.

*Briesen, Steele & Knauth,* for complainant.

*Browne & Browne,* for defendants.

COLT, J. This case now comes before the court on final hearing. Since the hearing upon motion for an injunction (35 Fed. Rep. 133) the defendants have strengthened their position as to the prior condition of the art. The evidence now before me proves, I think, the prior use, for spreading a hammock, of a detachable straight block notched at both ends, a detachable straight block notched at both ends and on the under edge, a curved block, in the form of a barrel stave, notched at both ends, and a curved block having properly spaced holes in it through which the lanyards passed. The Travers patent was for an improved hammock, and the invention consisted of several distinct improvements, among which, as the specification states, "is the novel use of detachable, notched distending blocks." It may be that in the patent, considered as a whole, there was invention. The only point in controversy here is whether there was invention in the use of the detachable block which is made the subject of the second claim, and I am satisfied, in view of what the prior

art discloses, that there was no exercise of the inventive faculty in the production of this block. An examination of the records in the two cases shows that the evidence before Judge WALLACE in the case of *Travers.v. Beyer*, 26 Fed. Rep. 450, was not the same as in this case. It follows that the bill should be dismissed.